**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ISADORE DEAN,

       Petitioner,                Civil No. 2:15-CV-13911
                                    HONORABLE GERALD E. ROSEN
v.                                 UNITED STATES DISTRICT JUDGE

JEFFREY WOODS,

       Respondent,
_____/

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS**

       Isadore Dean, ("Petitioner"), confined at the Chippewa Correctional Facility in Kincheloe, Michigan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his convictions for first-degree murder, Mich. Comp. Laws § 750.316; felon in possession of a firearm, Mich. Comp. Laws § 750.224f; carrying a concealed weapon, Mich. Comp. Laws § 750.227; two counts of discharging a firearm into a building, Mich. Comp. Laws § 750.234b; and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b.  For the reasons that follow, the petition for writ of habeas corpus is DENIED.

## I.  Background

       Petitioner was convicted following a jury trial in the Genesee County Circuit Court. This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

Defendant's convictions arise from the May 19, 2009, shooting death of Donnell Ellison at the Street Riders Motorcycle Club in Flint.  The evidence at trial indicated that, before the shooting, defendant was involved in a fight with a non-member of the club, that he was removed from the club, and that he angrily stated that he would be back.  According to witnesses, defendant later returned to the club driving a Cavalier automobile, drove past the club twice, and fired gunshots toward the club both times.  The victim was fatally shot in the back during the second pass.  The principal evidence against defendant was the testimony of three eyewitnesses who identified defendant as the shooter and the person who had earlier been removed from the club for fighting.  Defendant presented an alibi defense through his testimony and the testimony of his girlfriend.

*People v. Dean*, No. 296183, 2011 WL 1709830, at *1 (Mich. Ct. App. May 5, 2011).

Petitioner's conviction was affirmed on appeal. *Id., lv. den.* 493 Mich. 881, 821 N.W. 2d 885 (2012); *reconsideration den.* 493 Mich. 930, 825 N.W. 2d 87 (2013).

Petitioner filed a post-conviction motion for relief from judgment, which the trial court denied. *People v. Dean,* No. 09-25483-FC (Genesee Cty. Cir. Ct. Feb. 13, 2014).  The Michigan appellate courts denied petitioner leave to appeal. *People v. Dean,* No. 321993 (Mich.Ct.App. Sept. 15, 2014); *lv. den.* 497 Mich. 1012, 862 N.W. 2d 185 (2015).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. Where newly discovered evidence shows that petitioner's girlfriend's car could not have been the car driven by the shooter, due process of law and the right to present a defense require a trial with evidence that the Chevrolet Cavalier is actually gold, not silver or gray.

II. Where after a "mixed vote" a juror was improperly excused, and where the record is a mixed vote hung jury, and where the jury is tainted, defendant had a right to the tribunal and the case must be dismissed, a new trial ordered, or a hearing under *Remmer v U.S.*, 347 U.S. 277 (1954), is required.

III. Where the trial judge closed the courtroom during jury selection, a new trial is required. U.S. Const. Amends V, VI and XIV.

IV. A photograph of [the] deceased and his family was irrelevant and improperly admitted at trial.

2

V. Defense counsel's failure to make a proper objection and record was constitutionally ineffective assistance of counsel. U.S. Const. Amends V, VI and XIV.

VI. Petitioner Dean's constitutional rights were violated where the evidence was insufficient to support the charge of first degree murder submitted to the jury.

VII. Petitioner's mandatory life without parole sentence for open-murder, constitutes cruel and unusual punishment under the Eighth Amendment to the United States Constitution and Michigan Constitution of 1962, Art. 1, § 16, pursuant to the mandatory meaning of *Miller v. Alabama*, 567 U.S. __, [132 S. Ct. 2455] (2012).

VIII. Petitioner was deprived of his Sixth Amendment right to the effective assistance of counsel [when counsel] failed to move to suppress a highly suggestive photographic line-up and in-court identification.

IX. Petitioner was denied his due process rights to a fair trial where the prosecutor used testimony of possible threat to improperly bolster the credibility of witness Chelsea Hayes and Defendant was deprived of his Sixth Amendment right to effective assistance of counsel where counsel failed to object to the prosecutorial misconduct.

X. Petitioner Dean is actually innocent of the charges of which he stands convicted and the prosecutor's misconduct, trial counsel's ineffectiveness and the trial court's errors led to the conviction of an innocent man. Defendant Dean is entitled to reversal of his convictions and release from custody.

XI. Petitioner Dean was deprived of his due process rights to a fair trial by the cumulative effect of multiple errors.

XII. The trial court erred in holding that Petitioner was not denied his right to effective assistance of counsel on direct appeal.

## II. Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty

Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody

3

pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409.  A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.  "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington,* 562 U.S. at 103.  A habeas petitioner should be denied relief as long as it is within the "realm of possibility" that fairminded jurists could find the state

4

court decision to be reasonable. *See Woods v. Etherton,* 136 S. Ct. 1149, 1152 (2016).

### III. Discussion

**A.   Claim # 1.   Petitioner was not denied due process by the trial court's denial of his motion for a new trial based on allegedly newly discovered evidence.   Counsel was not ineffective for failing to introduce this evidence at petitioner's trial.**

Petitioner claims that the trial court judge violated his right to due process by denying his post-trial motion for a new trial based on newly discovered evidence that his girlfriend's Chevrolet Cavalier could not have been the car that the assailant was driving on the night in question, because her car was gold in color.   Petitioner argues that this evidence would establish his innocence because the witnesses testified that the Cavalier used in the shooting was silver or gray in color.

The Michigan Court of Appeals rejected petitioner's claim:

> First, the evidence (i.e., the car itself) could have been discovered before and produced at trial with due diligence.   Defendant claimed that he was unaware of the location of the car, but it had belonged to his girlfriend, who was also his alibi witness.   According to his girlfriend's testimony, her Cavalier had been broken down outside her mother's house until she put it into someone else's name shortly after the shooting.   Given defendant's relationship with the car owner, defendant was in a position to "discover" the car with due diligence.   The fact that defendant's attorney was able to determine the location of the vehicle within "a few days" supports this conclusion.   Further, the crucial reason that defendant sought to introduce the vehicle was to establish its actual color, i.e., to show that it was gold and not silver.   To that extent, the evidence would have been cumulative of other evidence presented at trial.   Evidence was presented at trial that, consistent with the vehicle's identification number, the color of the vehicle was "sand drift metallic."   A paint sample of that actual color was presented to the jury, and a Chevrolet body shop manager testified regarding the color's appearance.
>
> Moreover, as the trial court observed, the new evidence is not such as to render a different trial outcome probable.   The exact metallic color of the Cavalier was not the crucial evidence against defendant.   Rather, three

5

witnesses testified that they were certain that defendant was the shooter. The three eyewitnesses, and two additional witnesses, also testified that defendant had earlier angrily declared that he would return to the club. The fact that two eyewitnesses described the color of the shooter's car as silver or gray is not remarkable given the body shop manager's testimony that the "light color metallic" can appear more silvery or metallic with light shining on it. Also, one eyewitness actually described the shooter's Cavalier as "like a silver or a tan." Indeed, the fact that defendant's girlfriend owned a metallic-colored Cavalier that could appear silver in certain lighting is far more inculpatory than defendant's claimed exculpatory value of the evidence. In addition, the fact that defendant's girlfriend and alibi witness decided to remove her name from the Cavalier only a few days after the shooting further supports the inculpatory value of the "new" evidence. Consequently, the trial court's decision to deny defendant's motion for a new trial was within the range of reasonable and principled outcomes and, therefore, was not an abuse of discretion.

*People v. Dean*, 2011 WL 1709830, at * 2 (internal citation omitted).

To the extent that petitioner seeks habeas relief based on his actual innocence, he would not be entitled to the issuance of a writ. In *Herrera v. Collins*, 506 U.S. 390, 400 (1993), the Supreme Court held that claims of actual innocence based on newly discovered evidence fail to state a claim for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding. Federal habeas courts sit to ensure that individuals are not imprisoned in violation of the constitution, not to correct errors of fact. *Id., See also McQuiggin v. Perkins,* 133 S. Ct. 1924, 1931 (2013)("We have not resolved whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence"). Freestanding claims of actual innocence are thus not cognizable on federal habeas review, absent independent allegations of constitutional error at trial. *See Cress v. Palmer,* 484 F.3d 844, 854-55 (6th Cir. 2007)(collecting cases).

Moreover, to establish a constitutional due process claim based upon a state court's

6

denial of a motion for new trial based on newly discovered evidence, a habeas petitioner must demonstrate that the trial court's denial of his or her motion for new trial was so egregious that it violated his or her right to a fundamentally fair trial. *See Pudelski v. Wilson*, 576 F.3d 595, 611 (6th Cir. 2009). Petitioner is not entitled to relief on his claim for several reasons. First, the trial and appellate court's rulings on his motion for a new trial were not so egregious, because even if evidence of the girlfriend's car had been presented at trial, reasonable jurors could still have found petitioner guilty based on the testimony of the three eyewitnesses identifying petitioner as the shooter and the two additional eyewitnesses who testified that petitioner threatened to come back to the club. *Id.* Secondly, the gold color of the girlfriend's car was not conclusive evidence of petitioner's innocence in light of the fact that one eyewitness testified that the car used in the shooting was "like a silver or a tan" color, as well as the fact that the body shop manager testified that the "light color metallic" can appear more silvery or metallic with light shining on it. *Id.* at 612. Finally, the girlfriend's actual car was cumulative of evidence presented at trial concerning the color of the girlfriend's car. *Id.* Even if the jury had been presented with a photograph of the girlfriend's car or even had been permitted to visually inspect it, petitioner has not shown that the result of the trial would have been different, thus, the denial of petitioner's motion for a new trial by the trial court and its affirmance by the Michigan Court of Appeals did not deny petitioner a fundamentally fair trial or violate his right to due process of law. *Pudelski v. Wilson*, 576 F.3d at 612.

Petitioner further claims that trial counsel was ineffective for failing to present evidence of the girlfriend's actual car for the jury to visually inspect, either in person or through a photograph.

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test. First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id*. In other words, petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689. Second, the defendant must show that such performance prejudiced his defense. *Id*. To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. The Supreme Court's holding in *Strickland* places the burden on the defendant who raises a claim of ineffective assistance of counsel, and not the state, to show a reasonable probability that the result of the proceeding would have been different, but for counsel's allegedly deficient performance. *See Wong v. Belmontes*, 558 U.S. 15, 27 (2009).

More importantly, on habeas review, "the question 'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether that determination was unreasonable-a substantially higher threshold.'" *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)(quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). "The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland's* standard." *Harrington v. Richter*, 562 U.S. at 101.

8

Indeed, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Knowles,* 556 U.S. at 123 (citing *Yarborough v. Alvarado*, 541 U.S. at 664). Pursuant to the § 2254(d)(1) standard, a "doubly deferential judicial review" applies to a *Strickland* claim brought by a habeas petitioner. *Id.* This means that on habeas review of a state court conviction, "[A] state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself."*Harrington*, 562 U.S. at 101. "Surmounting *Strickland's* high bar is never an easy task." *Id.* at 105 (quoting *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010)).

Petitioner was not prejudiced by counsel's failure to have the jurors view his girlfriend's actual car because this evidence was cumulative of other evidence and witnesses presented at trial in support of petitioner's claim that his girlfriend's car was gold in color and did not match the description of the vehicle used in the shooting. *Wong,* 558 U.S. at 22-23; *See also United States v. Pierce,* 62 F. 3d 818, 833 (6th Cir. 1995). The jury had significant evidence presented to it that petitioner's girlfriend's car was a different color than the car used by the shooter in this case. Because the jury was "well acquainted" with evidence that would have supported petitioner's claim that his girlfriend's Chevy Cavalier was not used during the shooting, additional evidence in support of petitioner's defense "would have offered an insignificant benefit, if any at all." *Wong,* 558 U.S. at 23. Petitioner is not entitled to relief on his first claim.

**B. Claims # 2 and # 5.  Petitioner is not entitled to habeas relief because the trial judge replaced a deliberating juror who indicated that she was afraid to continue deliberating with an alternate juror without conducting a *Remmer* hearing to determine whether the juror tainted**

9

**the other jurors.  Counsel was not ineffective for failing to request a** ***Remmer*** **hearing.**

Petitioner in his second claim argues that the trial judge abused his discretion when he replaced a sitting juror with an alternate juror after deliberations had begun.  In his related fifth claim, petitioner argues that trial counsel was ineffective for failing to request a *Remmer* hearing to determine whether this juror had tainted the other jurors.

On the second day of deliberations, the jury sent a note informing the judge that it had a mixed vote and was unable to reach a verdict.  The trial court gave the jurors the "deadlocked jury" instruction and the jury continued deliberations.  The jury later sent another note indicating that a juror was scared because she lived and worked near petitioner.  The trial judge brought the juror into court and questioned her about her reluctance to participate in the deliberations.  The judge also permitted the attorneys to question the juror.  The juror told the court she was afraid to participate in the deliberations and return a verdict because petitioner lived near her home and place of employment. After hearing argument from the parties, the court ordered deliberations to continue with an alternate juror, and instructed the jurors to begin their deliberations anew with the alternate juror.

M.C.R. 6.411 states in pertinent part:

The court may retain the alternate jurors during deliberations. If the court does so, it shall instruct the alternate jurors not to discuss the case with any other person until the jury completes its deliberations and is discharged. If an alternate juror replaces a juror after the jury retires to consider its verdict, the court shall instruct the jury to begin its deliberations anew.

M.C.R. 6.411 is similar to Fed. R. Crim P. 24(c)(3).

This Court notes that neither M.C.R. 6.411 nor Fed. R. Crim. P. 24(c)(3) are

10

constitutionally mandated. *See U.S. v. Ross,* 323 F. App'x. 773, 775 (11th Cir. 2009); *People v. Dry Land Marina*, 175 Mich.App. 322, 328-29; 437 N.W.2d 391 (1989)(involving M.C.R. 6.411's predecessor rule). To the extent that the trial court violated M.C.R. 6.411 in replacing the juror, petitioner would not be entitled to habeas relief on his claim. *See e.g. Claudio v. Snyder*, 68 F.3d 1573, 1575 (3rd Cir. 1995). Moreover, "[T]he Supreme Court has not specifically ruled on the constitutionality of substituting an alternate juror after jury deliberations have begun." *Id.* Most federal courts that have addressed the issue have held that the "substitution of an alternate juror in place of a regular juror after deliberations have begun does not violate the Constitution, so long as the judge instructs the reconstituted jury to begin its deliberations anew and the defendant is not prejudiced by the substitution." *Id.* (collecting cases). A habeas petitioner must demonstrate that he was prejudiced by the replacement of a seated juror with an alternate to prevail on his or her claim. *See Hughes v. Phillips,* 457 F. Supp. 2d 343, 368 (S.D.N.Y. 2006).

In *Remmer v. United States*, 347 U.S. 227, 230 (1954), the Supreme Court held that a trial court confronted with an allegation of external tampering or contact with a juror during a trial about a matter pending before the jury "should determine the circumstances, the impact [of the contact] upon the juror, and whether or not it was prejudicial, in a hearing with all interested parties permitted to participate." *Remmer* placed the burden on the prosecution to rebut the presumption that an extrinsic influence upon the jury prejudiced the defense.

However, in *Smith v. Phillips*, 455 U.S. 209 (1982), the Supreme Court subsequently stated, "This Court has long held that the remedy for allegations of juror partiality is a hearing in which the defendant has the opportunity to prove actual bias." *Id.*

11

at 215.  In the aftermath of *Smith v. Phillips,* the Sixth Circuit "has consistently held that *Smith v. Phillips* reinterpreted *Remmer* to shift the burden of showing bias to the defendant rather than placing a heavy burden on the government to show that an unauthorized contact was harmless." *U.S. v. Walker*, 1 F. 3d 423, 431 (6th Cir. 1993)(collecting cases). A *Remmer* hearing is thus not required unless the defendant can show that the unauthorized juror contact "created actual juror bias." *United States v. Frost*, 125 F. 3d 346, 377 (6th Cir. 1997).

To be entitled to a *Remmer* hearing, a defendant "must do more than simply raise the possibility of bias." *Jackson v. Bradshaw*, 681 F. 3d 753, 766 (6th Cir. 2012).  Instead, a defendant "must make a colorable claim of extraneous influence," that is, "one derived from specific knowledge about or a relationship with either the parties or their witnesses." *Id.* "Examples of extraneous influences include 'prior business dealings with the defendant, applying to work for the local district attorney, conducting an [out-of-court] experiment, and discussing the trial with an employee.'" *Id.* (internal quotation omitted). A trial court "should consider the content of the allegations, the seriousness of the alleged misconduct or bias, and the credibility of the source when determining whether a hearing is required." *Kowalak v. Scutt*, 712 F. Supp. 2d 657, 692 (E.D. Mich. 2010)(quoting *Sims v. Rowland*, 414 F.3d 1148, 1155 (9th Cir. 2005)(internal quotation omitted)).  To be entitled to a post-trial hearing on an extraneous influence claim, a defendant must "come [ ] forward with clear, strong, substantial and incontrovertible evidence that a specific, non-speculative impropriety has occurred." *Id.* (internal quotation omitted).

Moreover, "[s]ince the trial judge is in the best position to determine the nature and extent of alleged jury misconduct, his decision on the scope of proceedings necessary to

12

discover misconduct is reviewed only for an abuse of discretion." *United States v. Rigsby,* 45 F. 3d 120, 125 (6th Cir. 1995)(quoting *United States v. Shackelford*, 777 F. 2d 1141, 1145 (6th Cir. 1985)).  Finally, in a habeas corpus case, a state court's findings on whether, and how, an extraneous matter affected jury deliberations "deserve[ ] a 'high measure of deference.'" *Mahoney v. Vondergritt,* 938 F. 2d 1490, 1492(1st Cir. 1991)(quoting *Rushen v. Spain*, 464 U.S. 114, 120 (1983)).

Petitioner is not entitled to habeas relief on his claim because he never presented any evidence that the juror who was removed from the jury tainted the other jurors. Petitioner could have supported his claim by obtaining affidavits from the other jurors. Because petitioner's extraneous influence claim is conclusory and unsupported, he is not entitled to habeas relief. *Kowalak,* 712 F. Supp. 2d at 692-93.

Moreover, claims concerning the effect of extraneous influences upon the jury during deliberations are subject to a harmless error analysis. See *Mason v. Mitchell*, 320 F.3d 604, 638 (6th Cir. 2003).  For purposes of federal habeas review, a constitutional error that implicates trial procedures is deemed harmless unless it had a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993).  In the present case, any jury taint caused by the removed juror's fears petitioner did not have a substantial and injurious effect or influence upon the jury's verdict, in light of the evidence against petitioner in this case.  Because petitioner has failed to show that he was entitled to a *Remmer* hearing, petitioner is unable to show that counsel was ineffective for failing to move for one. *Kowalak v. Scutt*, 712 F. Supp 2d at 702-03.  Petitioner is not entitled to relief on his second and fifth claims.

**C.  Claim # 3.  Petitioner's public trial claim is waived because he failed**

**to object to the closure of the courtroom during jury selection.  Trial counsel was not ineffective for failing to object to the closure.**

Petitioner next claims that his right to a public trial was violated because the judge closed the courtroom during *voir dire* to outside spectators.

Respondent contends that petitioner's public trial claim is waived because petitioner failed to object to the closure of the courtroom for the jury selection process.

"The central aim of a criminal proceeding must be to try the accused fairly." *Waller v. Georgia*, 467 U.S. 39, 46 (1984).  The Sixth Amendment public-trial guarantee was created to further that aim. *Id.* (citing *Gannett Co. v. DePasquale*, 443 U.S. 368, 380 (1979)).  A public trial helps to ensure that judge and prosecutor carry out their duties responsibly, encourages witnesses to come forward, and discourages perjury. *Id.*  The violation of the constitutional right to a public trial is a structural trial error, not subject to the harmless error analysis. *Id.* at 49-50, n. 9.

In *Presley v. Georgia,* 558 U.S. 209, 216 (2010), the Supreme Court held that a criminal defendant's Sixth Amendment right to a public trial was violated when the trial court excluded the public from the *voir dire* of prospective jurors, when the court failed to consider reasonable alternatives to closure.

Although the right to a public trial is a fundamental right, it can also be waived if a habeas petitioner either acquiesces to the closure of the courtroom or fails to object. *See Johnson v. Sherry*, 586 F.3d 439, 444 (6th Cir. 2009)(citing *Freytag v. Commissioner*, 501 U.S. 868, 896 (1991)("[T]he Sixth Amendment right to a trial that is 'public,' provide[s] benefits to the entire society more important than many structural guarantees; but if the litigant does not assert [it] in a timely fashion, he is foreclosed."); *Peretz v. United States*,

501 U.S. 923, 936–37 (1991)(citing *Levine v. United States*, 362 U.S. 610, 619 (1960)). Other circuits have reached the same conclusion. *See U.S. v. Reagan,* 725 F.3d 471, 488-89 (5th Cir. 2013)(defendants waived claim that right to public trial violated by the closing of the courtroom during *voir dire*, hence, claim unreviewable on appellate review); *U.S. v. Christi*, 682 F.3d 138, 142-43 (1st Cir. 2012)(defendant waived any claim of error in court limiting public access to courtroom during most of jury instructions by counsel's failure to object); *U.S. v. Rivera,* 682 F.3d 1223, 1232 (9th Cir. 2012)(defendant may forfeit the right to a public trial, either by affirmatively waiving it or by failing to assert it in a timely fashion).

The fact that the denial of the right to a public trial is a structural error does not mean than the claim cannot be waived by petitioner's failure to object.  Although structural errors are presumed to be prejudicial and thus not subject to harmless error review, such errors are nevertheless subject to the general rules of waiver, forfeiture, and default. *See Johnson v. United States*, 520 U.S. 461, 466 (1997)(waived or forfeited structural error subject to plain error review under Fed. R.Crim. P. 52(b)). *See also United States v. Suescun,* 237 F.3d 1284, 1288, n. 12 (11th Cir. 2001)("Structural defects do not absolve a defendant's waiver of a defense or objection.").

The fact that petitioner did not on the record expressly agree to the exclusion of the public from the jury selection likewise does not alter this analysis.  Although certain fundamental rights of a criminal defendant, such as the right to counsel or whether to plead guilty, cannot be waived by counsel without the express, knowing and voluntary consent of the defendant, *See New York v. Hill,* 528 U.S. 110, 114 (2000), for other rights, "waiver may be effected by action of counsel." *Id.*  The Supreme Court has noted that it has "in the context of a broad array of constitutional and statutory provisions, articulated

15

a general rule that presumes the availability of waiver," even when that waiver involves "the most basic rights of criminal defendants." *Hill,* 528 U.S. at 114. Moreover, "the lawyer has-and must have-full authority to manage the conduct of the trial.... Thus, decisions by counsel are generally given effect as to what arguments to pursue, what evidentiary objections to raise, and what agreements to conclude regarding the admission of evidence." *Hill,* 528 U.S. at 115.

Various federal circuit courts have held that "[a] defendant's attorney's waiver of the right to a public trial is effective on the defendant." *United States v. Hitt*, 473 F.3d 146, 155 (5th Cir. 2006)(citing *United States v. Sorrentino*, 175 F.2d 721, 723 (3d Cir.1949); *Martineau v. Perrin*, 601 F.2d 1196, 1200–01 (1st Cir. 1979)). The Sixth Circuit in *Johnson v. Sherry, supra,* essentially acknowledged that the petitioner's right to a public trial had been waived by counsel's failure to object to the closure of the courtroom. *Id.,* 586 F, 3d at 489. The Supreme Court has yet to hold that an attorney cannot waive his client's right to a public trial. *See Guyton v. Butler,* 490 F. App'x. 331, 333 (11th Cir. 2012). Indeed, the Second Circuit has noted that "[t]here is no clearly established binding precedent [from the Supreme Court] as to either whether personal waiver of the right to a public trial is constitutionally required, or as to whether waiver by counsel requires consultation with a client." *Daughtry v. Greiner*, No. 01–2466, 2002 WL 31819589, at * 1 (2d Cir. Dec. 16, 2002).

Petitioner's failure to object to the closure of the courtroom during *voir dire* thus waives federal habeas review of his public trial claim. *Johnson,* 586 F.3d at 444.

In the alternative, petitioner argues that trial counsel was ineffective for failing to object to the closure of the courtroom during *voir dire.*

16

Petitioner has failed to show that trial counsel was ineffective for failing to object to the closure of the courtroom for jury selection.

First, trial counsel's decision to agree the closure of the courtroom for a non-public *voir dire* could well have been a reasonable trial strategy for the purpose of obtaining more honest or forthright responses from jurors during such a non-public *voir dire*, thus, defeating petitioner's ineffective assistance of counsel claim. *See Horton v. Allen,* 370 F.3d 75, 82-83 (1st Cir. 2004); *See also Jones v. Bradshaw,* 489 F. Supp. 2d 786, 841 (N.D. Ohio 2007).

Secondly, at the time of petitioner's murder trial in 2009, there was some question as to whether the Sixth Amendment public trial right applied to the *voir dire* process.  The Supreme Court had at the time of petitioner's trial held that the First Amendment right of public access applied during *voir dire*, *See Press-Enter. Co. v. Super. Ct.*, 464 U.S. 501, 510-11 (1984), but one justice concurring in that holding suggested that the Sixth Amendment public trial right might have a more limited scope. See *Id.* at 516 (Stevens, J., concurring).  *Presley* was not decided until 2010, after petitioner's trial.  Because petitioner's counsel at the time of the trial in 2009 could well have reasonably questioned whether petitioner had any constitutional right to an open courtroom during *voir dire,* counsel was not ineffective for failing to object to the closure of the courtroom during jury selection. *See Woodson v. Hutchinson,* 52 F. App'x. 195, 198 (4th Cir. 2002).

Moreover, assuming that trial counsel was deficient for failing to object to the closure of the courtroom for *voir dire*, petitioner has failed to show that he was prejudiced by counsel's failure to object.  The Court is aware that the denial of the right to a public trial is a structural error.  Nonetheless, the fact that a structural error might have occurred

17

does not mean that prejudice should be presumed, for purposes of petitioner's ineffective assistance of counsel claim. *See Harrison v. Woods*, No. 15-1046, 2015 WL 4923099, at *2 (6th Cir. Aug. 18, 2015)(citing *Premo v. Moore*, 562 U.S. 115, 127–28 (2011)).  Instead, petitioner would have to establish that he was actually prejudiced by counsel's failure to object to the closure of the courtroom. *Id.*  In the present case, petitioner has failed to allege, let alone establish, that he was actually prejudiced by the closure of the courtroom for jury selection.  Because petitioner has failed to show that a different result would have happened had trial counsel objected to the closure of the courtroom for jury selection, petitioner is not entitled to habeas relief on his ineffective assistance of counsel claim. *Id.*

### D.  Claim # 4.  The admission of the victim's photograph did not deprive petitioner of a fair trial.

Petitioner next contends that he was deprived of a fair trial because an irrelevant photograph of the victim and his family was admitted into evidence.

Unless a violation of a state's evidentiary rule results in the denial of fundamental fairness, an issue concerning the admissibility of evidence does not rise to the level of a constitutional violation. *See Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir.1988); *Coy v. Renico,* 414 F. Supp. 2d 744, 756 (E.D. Mich. 2006).  As the Sixth Circuit has noted, "[e]rrors by a state court in the admission of evidence are not cognizable in habeas proceedings unless they so perniciously affect the prosecution of a criminal case as to deny the defendant the fundamental right to a fair trial." *Kelly v. Withrow*, 25 F. 3d 363, 370 (6th Cir. 1994).

Petitioner's claim that he was denied a fair trial by the admission of irrelevant and highly prejudicial evidence cannot form the basis for habeas relief, because it involves a

18

state law evidentiary issue. *See Hall v. Vasbinder*, 551 F. Supp. 2d 652, 676 (E.D. Mich. 2008); *rev'd on other grds* 563 F.3d 222 (6th Cir. 2009); *See also Oliphant v. Koehler*, 451 F. Supp. 1305, 1308 (W.D. Mich. 1978). The photograph showed the victim while he was alive and was thus much less inflammatory of photographs of a murder victim's body. Petitioner is not entitled to relief on his fourth claim.

### E. Claims # 6-12. Petitioner's remaining claims are procedurally defaulted and meritless.

Respondent contends that petitioner's remaining claims are procedurally defaulted because petitioner raised these claims for the first time in his post-conviction motion and failed to show cause and prejudice for failing to raise these claims in his appeal of right, as required by M.C.R. 6.508(D)(3). Michigan Court Rule 6.508(D)(3) provides that a court may not grant relief to a defendant if the motion for relief from judgment alleges grounds for relief which could have been raised on direct appeal, absent a showing of good cause for the failure to raise such grounds previously and actual prejudice resulting therefrom.

When the state courts clearly and expressly rely on a valid state procedural bar, federal habeas review is also barred unless petitioner can demonstrate "cause" for the default and actual prejudice as a result of the alleged constitutional violation, or can demonstrate that failure to consider the claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). If a petitioner fails to show cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. 527, 533 (1986). However, in an extraordinary case, where a constitutional error has probably resulted in the conviction of one who is actually innocent, a federal court may consider the constitutional claims presented even in the

19

absence of a showing of cause for procedural default. *Murray v. Carrier*, 477 U.S. 478, 479-80 (1986). However, to be credible, such a claim of innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 624 (1998).

This Court notes that "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on the procedural bar." *Harris v. Reed*, 489 U.S. 255, 263 (1989). If the last state court judgment contains no reasoning, but simply affirms the conviction in a standard order, the federal habeas court must look to the last reasoned state court judgment rejecting the federal claim and apply a presumption that later unexplained orders upholding the judgment or rejecting the same claim rested upon the same ground. *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991).

The Michigan Supreme Court rejected petitioner's post-conviction appeal on the ground that "the defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." This order, however, did not refer to subsection (D)(3) nor did it mention petitioner's failure to raise his post-conviction claims on his direct appeal as a rationale for rejecting them. Because the Michigan Supreme Court form order in this case citing Rule 6.508(D) is ambiguous as to whether it refers to procedural default or a denial of post-conviction relief on the merits, the order is unexplained. *See Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010). This Court must "therefore look to the last reasoned state court opinion to determine the basis for the state court's rejection" of

20

petitioner's claims. *Id.*

The Michigan Court of Appeals denied petitioner's post-conviction appeal, holding that:

> "The defendant alleges grounds for relief that could have been raised previously and has failed to establish both good cause for failing to previously raise the issues and actual prejudice from the irregularities alleged, and has not established that good cause should be waived. MCR 6.508(D)(3)(a) and (b)."

> *People v. Dean,* No. 321993 (Mich.Ct.App. Sept 15, 2014).

The Michigan Court of Appeals clearly denied petitioner post-conviction relief based on the procedural grounds stated in M.C.R. 6.508(D)(3), thus, petitioner's post-conviction claims are procedurally defaulted pursuant to M.C.R. 6.508(D)(3). *See Ivory v. Jackson,* 509 F.3d 284, 292-93 (6th Cir. 2007). Petitioner's remaining claims are procedurally defaulted. [1]

Petitioner alleges ineffective assistance of appellate counsel as cause to excuse his procedural default. Petitioner, however, has not shown that appellate counsel was ineffective.

It is well-established that a criminal defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983). The United States Supreme Court has explained:

> "For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every 'colorable' claim suggested by a client would disserve the ... goal of vigorous and effective advocacy.... Nothing in the Constitution or our interpretation of that

---

[1] Petitioner could not have procedurally defaulted any ineffective assistance of appellate counsel claim, because state post-conviction review was the first opportunity that he had to raise this claim. *See Guilmette*, 624 F.3d at 291. However, for the reasons stated below, petitioner is not entitled to habeas relief on this claim.

document requires such a standard."

*Id.* at 463 U.S. at 754.

Moreover, "[a] brief that raises every colorable issue runs the risk of burying good arguments-those that, in the words of the great advocate John W. Davis, 'go for the jugular,' in a verbal mound made up of strong and weak contentions." *Id.* at 753. (citations omitted).

The Supreme Court has subsequently noted that:

Notwithstanding *Barnes*, it is still possible to bring a *Strickland* claim based on [appellate] counsel's failure to raise a particular claim[on appeal], but it is difficult to demonstrate that counsel was incompetent."

*Smith v. Robbins,* 528 U.S. 259, 288 (2000).

Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990). In fact, "the hallmark of effective appellate advocacy" is the "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail." *Smith v. Murray*, 477 U.S. at 536 (quoting *Barnes*, 463 U.S. at 751-52). "Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of appellate counsel be overcome." *Monzo v. Edwards,* 281 F.3d 568, 579 (6th Cir. 2002). Appellate counsel may deliver deficient performance and prejudice a defendant by omitting a "dead-bang winner," which is defined as an issue which was obvious from the trial record and would have resulted in a reversal on appeal. *See Meade v. Lavigne,* 265 F. Supp. 2d 849, 870 (E.D. Mich. 2003).

Petitioner failed to show that appellate counsel's performance fell outside the wide range of professionally competent assistance by omitting his sixth through eleventh claims

on his appeal of right.  Appellate counsel filed a thirty-six page brief raising the first five claims that petitioner now raises in his habeas petition. [2]  Petitioner has not shown that appellate counsel's strategy in presenting these claims and not raising other claims was deficient or unreasonable.  Moreover, for the reasons stated by the Michigan Attorney General in the answer to the petition for writ of habeas corpus, none of the claims raised by petitioner in his post-conviction motion were "dead bang winners."  Because the defaulted claims are not "dead bang winners," petitioner has failed to establish cause for his procedural default of failing to raise these claims on direct review. *See McMeans v. Brigano,* 228 F.3d 674, 682-83 (6th Cir. 2000).  Moreover, because these post-conviction claims lack merit, this Court must reject any independent ineffective assistance of appellate counsel claim raised by petitioner.  "[A]ppellate counsel cannot be found to be ineffective for 'failure to raise an issue that lacks merit.'" *Shaneberger v. Jones*, 615 F.3d 448, 452 (6th Cir. 2010)(quoting *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001)).

Petitioner failed to offer any reasons to excuse the procedural default.  Because petitioner has not demonstrated any cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. *Smith*, 477 U.S. at 533; *See also Alexander v. Smith,* 342 F. Supp. 2d 677, 685 (E.D .Mich. 2004).  Additionally, petitioner has not presented any new reliable evidence to support any assertion of innocence which would allow this Court to consider this claim as a ground for a writ of habeas corpus in spite of the procedural default.  Petitioner's sufficiency of evidence claim [Claim # 6] is insufficient to invoke the actual innocence doctrine to the procedural default rule. *See Malcum v. Burt,*

---

[2]  *See* Appellant's Brief on Appeal. Check cor [This Court's Dkt. # 8-16].

23

276 F. Supp. 2d 664, 677 (E.D. Mich. 2003). Likewise, evidence regarding the color of petitioner's girlfriend's car does not establish petitioner's actual innocence to excuse his default, because it was cumulative of evidence presented at petitioner's trial. *See Allen v. Harry*, 497 F. App'x. 473, 480 (6th Cir. 2012). Petitioner has not presented any new reliable evidence that he is innocent of this crime; thus, a miscarriage of justice will not occur if the Court declined to review the procedurally defaulted claims on the merits. *See Alexander*, 342 F. Supp. 2d at 685.

## IV. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. Likewise, when a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district

court was correct in its procedural ruling. *Id.* at 484.  "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *See also Millender v. Adams,* 187 F. Supp. 2d 852, 880 (E.D. Mich. 2002).  The Court will also deny petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous. *See Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

## V. <u>ORDER</u>

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that leave to appeal *in forma pauperis* is **DENIED**.


s/Gerald E. Rosen_____
United States District Judge

Dated:  August 31, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 31, 2016, by electronic and/or ordinary mail.

s/Julie Owens_____
Case Manager, (313) 234-5135

25